IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR ROWLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC<br>and<br>COLONIAL FINANCIAL SERVICES<br>INC. d/b/a HALLMARK<br>REMODELERS<br><br>    Defendants. | Civil Action No. 17-5062 |

**JOINT RULE 26(f) REPORT**

A.   **NATURE OF THE CASE**

   **Plaintiff's Statement of Facts**

   Plaintiff brings this action for damages against Defendant Trans Union, LLC ("Trans Union"), a national credit reporting agency, alleging violations of the Fair Credit Reporting Act ("FCRA") for its failure to assure the maximum possible accuracy of the Plaintiff's consumer credit files. Moreover, Trans Union impermissibly allowed Colonial Financial Services Inc., d/b/a Hallmark Remodelers to access Plaintiff's credit report. Further, Plaintiff disputed the inaccurate information to Trans Union and Trans Union continued to report that information on Plaintiff's credit file.

   Specifically, Trans Union allowed an impermissible pull of Plaintiff's report (section b violation); refused to remove the inquiry despite written notification from both the consumer and directly from the creditor that the pull was in error and done without a permissible purpose (section i violation), and then sold a knowingly inaccurate report after willfully refusing to correct the inaccuracy (section eb violation). **Trans Union willfully and egregiously ignored a letter directly from a creditor telling them that the inquiry was in error.**

On September 4, 2017 Trans Union was notified in writing by the consumer that the pull from Hallmark was not authorized and provided **written proof** from the creditor (Hallmark) that "a credit report on 4/11/2017 was taken in error". Trans Union responded on September 25, 2017 stating that it would not remove the inquiry despite the dispute and letter.

On November 29, 2017, the creditor, Hallmark, went so far as to directly contact Trans Union to inform them that "we have taken the credit report in error on 4/11/2017. We would like to have the inquiry removed." Yet to date, Trans Union **still has not removed the inquiry**.

As a result of Trans Union's inaccurate reporting, Plaintiff has experienced damage to his credit reputation and suffered emotional distress. Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

Plaintiff was so upset by the damage this did to his otherwise perfect credit score that he contacted Hallmark and secured a letter, filed a complaint with the BBB, and sought legal assistance.

**Defendant Trans Union, LLC's ("Trans Union") Statement of Facts**

Plaintiff falsely claims consumer reporting agency Trans Union wrongly allowed Colonial Financial Services to access his credit file though inquiry. However, Plaintiff admits that Colonial notified Trans Union that it had a permissible purpose when it accessed Plaintiff's credit file and, thus, Plaintiff's claims fail as the FCRA provides that Trans Union is entitled to rely on such notice.

Moreover, while Plaintiff also claims Trans Union failed to properly investigate the disputed inquiry, Plaintiff admits that inquiry was actually made. Thus, Trans Union's reporting is accurate and accuracy is a complete defense to Plaintiff's claims.

Trans Union also is not liable because Plaintiff lacks the proper standing to bring his claims because he has no injury in fact. The Supreme Court in <u>Spokeo</u> held that the injury-in-fact requirement for standing must be "concrete <u>and</u> particularized." However, <u>Spokeo</u> holds a "bare violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement. Plaintiff has no evidence that any Colonial inquiry caused him any emotional distress or was the required "substantial factor" in any of his claimed damages and, therefore, Plaintiff has no standing to bring these claims.

**B.    SETTLEMENT DISCUSSION**

The parties are engaging in informal settlement discussion at this time in an attempt to resolve this matter in its early stages. To the extent informal settlement discussions are unsuccessful, Plaintiff and Defendant Trans Union propose a settlement conference before the magistrate judge, approximately one month prior to the close of discovery.

**C.    INITIAL DISCLOSURES**

The parties will exchange the information required by <u>Fed. R. Civ. P.</u> 26(a)(1) prior to the Rule 16 conference.

**D.    DISCOVERY PLAN**

Discovery is needed as to both liability and damages. Discovery on these subjects should be conducted concurrently. The parties do not anticipate any discovery problems at this time and do not foresee any problems arising from the disclosure of electronically stored information.

The parties anticipate that a stipulated protective order may be necessary to ensure that proprietary information as provided in discovery is protected and only used for purposes germane to this action.  The parties acknowledge that any such order may be amended by the Court in the interest of justice.  The parties agree to follow the Federal Rule of Civil Procedures limitations on discovery.

It is anticipated that the following discovery will be necessary prior to the filing of dispositive motions and/or the scheduling of trial:  the exchange of written discovery and responses thereto, the depositions of the parties and/or party representatives and possible third party document production and depositions regarding both liability and damages.

The parties propose the following discovery schedule:

1. All discovery to be completed by August 17, 2018;
2. Affirmative expert reports, if any, due by August 17, 2018;
3. Rebuttal expert reports, if any, due by September 7, 2018;
4. Expert witness depositions, if any, completed by September 28, 2018;
5. Dispositive Motions due by October 26, 2018; and
6. Case ready for trial by January 2019.

**E.    OTHER MATTERS**

The parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings may be served by sending such documents by email to the primary and secondary email addresses of all counsel of record (or any updated email address provided to all counsel of record) through the Court's ECF system.  Trans Union requests service of discovery be made through regular mail, as provided by the Federal Rules of Civil Procedure.  Courtesy copies can be provided via email.

**Electronically Stored Information:** The parties do not anticipate any issues pertaining to electronically stored data in this case. The parties have agreed to produce any electronically stored information in hard copy form as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary to confer amongst themselves regarding any additional exchange or production that either party believes necessary.

**SETTLEMENT**

The parties agree that a Settlement Conference with a Magistrate Judge may be helpful in this matter after a period of discovery.

Respectfully Submitted,

| **FRANCIS & MAILMAN, P.C**. | **SCHUCKIT & ASSOCIATES, P.C.** |
|---|---|
| */s/ Alexis I. Lehmann* | */s/ William M. Huse* |
| ALEXIS I. LEHMANN | WILLIAM M. HUSE |
| Land Title Building, 19th Floor | 4545 Northwestern Drive |
| 100 South Broad Street | Zionsville, IN 46077 |
| Philadelphia, PA 19110 | Telephone: (317) 363-2400 |
| Telephone: (215) 735-8600 | whuse@schuckitlaw.com |
| alehmann@consumerlawfirm.com | |
| | Attorneys for Defendant |
| Attorneys for Plaintiff | Trans Union, LLC |

Dated: February 21, 2018